IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY A. GREENE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 13-6033 |
| | : | |
| **HARTFORD LIFE AND ACCIDENT** | : | |
| **INSURANCE COMPANY,** | : | |
| Defendant. | : | |

**Goldberg, J.**                                                                                           **September 10, 2014**

### MEMORANDUM OPINION

**I.  INTRODUCTION**

Plaintiff Jeffrey A. Greene brings this Employee Retirement Income Security Program ("ERISA") action seeking life insurance benefits from Defendant Hartford Life and Accident Insurance Company. Plaintiff alleges that these benefits were wrongfully denied following the death of his wife, Anita Greene. Plaintiff has filed a three count complaint, but only Count III – Breach of a Fiduciary Duty, is presently at issue. Before us is Defendant's "Motion to Dismiss Count III of the Complaint." For the reasons stated below, we will grant the motion.

**II.  FACTUAL AND PROCEDURAL HISTORY**

The following facts are drawn from averments in the complaint. For the purposes of deciding this motion, we accept them as true and view them in the light most favorable to Plaintiff:

Anita Greene held a life insurance policy administered by Defendant through her employer, TD Bank ("TD"). (Compl. ¶ 2.) Greene began her employment with TD as a loan officer on October 29, 2012 and reported to work at TD's office in Mount Laurel, New Jersey

1

every weekday from her start date through November 19, 2012. (Id. at ¶¶ 15, 20-23.) On November 20, 2012, she was diagnosed with a reoccurrence of breast cancer, and eventually passed away on December 6, 2012. (Id. at ¶ 3.)

Between the time of her diagnosis and her death, Ms. Greene was either hospitalized, in hospice care, or, for three days, at home with the expectation that she would have to return to the hospital for chemotherapy. During that time, she continued to work using a company-issued laptop and remote connection device. (Id. at ¶ 27.) Following her death, TD submitted a claim for life insurance benefits to Defendant on Plaintiff's behalf. On the initial claim form, TD listed Ms. Greene's "actual last day physically at work" as December 6, 2012. (Id. at ¶ 74.) Two weeks later, on January 7, 2013, TD submitted a revised initial claim form, with the actual last day physically at work listed as November 19, 2012. (Id. at ¶ 76.) Defendant denied the claim on the basis that Ms. Greene stopped working on November 19, 2012, and thus had not provided "one month of continuous service" to TD prior to her death as required before she became eligible for benefits under the plan. (Id. at ¶¶ 80-82.)

Plaintiff contends that Ms. Greene's job was by its nature one that could be performed away from the office, and that by agreement with TD, she was expected to perform much of her work remotely. He claims that Ms. Greene continued to work while hospitalized, with TD's knowledge, and that TD never sought to terminate or replace her prior to her death. Accordingly, Plaintiff claims that Ms. Greene provided the one month of continuous service necessary for eligibility.

Plaintiff filed his complaint on October 16, 2013 for declaratory relief (Count I); damages in the full amount due under the policy pursuant to 29 U.S.C. § 1132(a)(1)(B) (Count II); and

breach of fiduciary duty under § 1132(a)(3) (Count III).[1] Defendant timely filed an answer, as well as the present motion to dismiss Count III of the complaint. Defendant seeks dismissal of Count III asserting that Plaintiff is prohibited from seeking equitable relief under § 1132(a)(3) where an adequate remedy is provided elsewhere in the ERISA statute.

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for failure to state a claim upon which relief can be granted. When ruling on a Rule 12(b)(6) motion, the court must accept the facts pled in the complaint as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). The court may dismiss a complaint or claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, a plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).

To determine the sufficiency of a complaint under Twombly and Iqbal, a court must take the following three steps: (1) the court must "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "where there are well-pleaded

---

[1] In Count III of the complaint, Plaintiff identifies the provision under which his claim is brought as 29 U.S.C. 1109, which holds any fiduciary to a plan liable to make good to the plan for any breach of fiduciary duty. However, Plaintiff agrees that the proper cause of action for his breach of fiduciary duty claim is found in § 1132(a)(3), which allows a plaintiff to seek equitable relief for violations of ERISA or an insurance plan covered by it. We will treat Count III as if it had been brought under § 1132(a)(3) originally.

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted).

## IV.   DISCUSSION

29 U.S.C. § 1132 governs civil enforcement of ERISA.  Section 1132(a)(1)(B) allows a participant or beneficiary of a covered plan to bring an action to recover benefits due under the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.  Plaintiff has brought a claim under this section seeking damages in the full amount due under the policy.

A separate section, § 1132(a)(3) provides that a participant, beneficiary or fiduciary of a plan may bring an action "(A) to enjoin any act or practice which violates any provision of [ERISA's employee benefit rights protections] subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"  Plaintiff has also brought a claim under this provision (Count III) seeking damages and other equitable relief on the basis that Defendant breached its fiduciary duty by failing to properly investigate his claim before denying it.  Defendant points out that Plaintiff can obtain full relief under § 1132(a)(1)(B) and urges that § 1132(a)(3) only provides for equitable relief when the ERISA statute does not provide an adequate remedy elsewhere.

As the parties acknowledge, authority is split on the question of whether a beneficiary may simultaneously bring claims under both § 1132(a)(1)(B) and § 1132(a)(3).  Courts have taken guidance from the United States Supreme Court's brief discussion of § 1132(a)(3)'s purpose set forth in Varity Corp. v. Howe, 516 U.S. 489 (1996), yet rulings differ as to how Varity applies to cases such as the one before us.  In Varity, a group of plaintiffs who alleged

that they had been deceived into withdrawing from a benefits plan brought claims for breach of fiduciary duty under § 1132(a)(3). The defendants argued that relief was not available to individuals for breach of fiduciary duty, but only to the plan itself, and thus the equitable relief the plaintiffs had demanded under § 1132(a)(3) was not appropriate. Id. at 508-09. The Court disagreed, explaining that § 1132(a)(3) is a "catchall" provision that applies to participants and beneficiaries, "offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." Id. at 512. Because the Varity plaintiffs were no longer beneficiaries of the plan, they could not pursue relief under § 1132(a)(1)(B). The Court concluded that they could, however, seek "other appropriate equitable relief" under § 1132(a)(3) on the basis that they were deceived into withdrawing from the fund. Id. at 512.

Subsequently, Courts of Appeals have reached differing conclusions as to whether and under what circumstances Varity precludes plaintiffs from simultaneously seeking relief under § 1132(a)(3) and § 1132(a)(1)(B). Compare Antolik v. Saks, Inc., 463 F.3d 796, 803 (8th Cir. 2006) ("[W]here a plaintiff is provided adequate relief by the right to bring a claim for benefits under…§ 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B)"); Ogden v. Blue Bell Creameries U.S.A., Inc., 348 F.3d 1284, 1287 (11th Cir. 2003) ("[A]n ERISA plaintiff who has an adequate remedy under Section [1132](a)(1)(B) cannot alternatively plead and proceed under Section [1132](a)(3)") and Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 615 (6th Cir. 1998) ("The Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies") with Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 89 (2d Cir. 2001) (Varity did not eliminate a private cause of action under § 1132(a)(3) where other potential relief

is available, but rather limits the remedy available under that provision to equitable relief that the district court finds appropriate).

The United States Court of Appeals for the Third Circuit has not addressed the question directly, and courts within this Circuit have reached different conclusions. For example, in Parente v. Bell Atlantic Pennsylvania, 2000 WL 419981 (E.D. Pa. Apr. 18, 2000), the court held that Varity does not preclude claims under § 1132(a)(3) when a plaintiff has a viable claim under another provision that could provide relief, but only when another provision will certainly provide relief. The court thus concluded that dismissal at the pleading stage, before it can be determined whether a plaintiff will obtain relief under § 1132(a)(1)(B), is inappropriate. Id. at *3. The court explained that forcing a plaintiff to choose between two viable ERISA claims prior to discovery would violate the well-established principle of allowing litigants to plead in the alternative. Id.[2]

Conversely, in Cohen v. Prudential Ins. Co., 2009 WL 2488911 (E.D. Pa. Aug. 12, 2009), the court held that relief is only available under § 1132(a)(3) "if the plaintiff can demonstrate that § 1132(a)(1)(B) alone may not provide an adequate remedy." Id. at *4. Because the plaintiffs pled the two nearly identical claims, sought the same relief for each, and failed to identify a

---

[2] See also Terry v. Northrop Grumman Health Plan, 2012 WL 6823478 (M.D. Pa. Dec. 3, 2012) report and recommendation adopted, 2013 WL 123074 (M.D. Pa. Jan. 9, 2013) (finding the plaintiff was not barred from bringing claim under § 1132(a)(3) where her husband had not converted his policy and thus it was not certain § 1132(a)(1)(B) would provide relief); Trechak v. Seton Co. Supplemental Executive Ret. Plan, 2010 WL 5071273 (E.D. Pa. Nov. 24, 2010) (adopting reasoning of Parente court in holding that both claims could be maintained at the pleading stage); Koert v. GE Grp. Life Assur. Co., 2005 WL 1655888 (E.D. Pa. July 14, 2005) aff'd, 231 F. App'x 117 (3d Cir. 2007) (same).

remedy available under § 1132(a)(3) that was not available under § 1132(a)(1)(B), the court found that their claims must be dismissed.  Id.[3]

Here, as in Cohen, Plaintiff's § 1132(a)(3) and § 1132(a)(1)(B) claims not only factually overlap, but seek precisely the same remedy.  Even if Varity does not establish a bright line rule precluding simultaneous § 1132(a)(3) and § 1132(a)(1)(B) claims in all cases, we can find no way to construe Plaintiff's § 1132(a)(3) claim such that it might provide "other appropriate equitable relief" for a violation that the ERISA statute does not elsewhere remedy.

Plaintiff nonetheless contends that the counts are based on separate and independent factual averments, each giving rise to Defendant's liability.  Count II alleges that Ms. Greene was eligible for benefits at the time of her death, having provided one month of continuous service, and therefore Plaintiff's claim was wrongfully denied.  Count III alleges that Defendant breached its fiduciary duty as administrator of the plan by, among other things, failing to investigate the change to the last day physically at work date on the revised initial claims forms.  While the averments language supporting the two counts differ to some degree, both require a showing that Plaintiff's claim was wrongfully denied.  Thus, if Plaintiff proves his § 1132(a)(3) breach of fiduciary claim as stated, he will necessarily have demonstrated that he was due benefits under the plan, entitling him to relief under § 1132(a)(1)(B).

The two counts also seek the same relief: $285,000 owed under the plan, fees and costs, and other relief as the Court deems fit.  Plaintiff has not identified any specific equitable relief available to him under § 1132(a)(3), let alone relief available under that provision that he will not obtain if he prevails under § 1132(a)(1)(B).  In ERISA cases, equitable relief includes "those

---

[3]See also Miller v. Mellon Long Term Disability Plan, 721 F. Supp. 2d 415, 422-223 (W.D. Pa. 2010) (noting that courts must look past labels attached to a claim by a plaintiff to determine whether equitable relief is sought, the court found that the plaintiff's claim under § 1132(a)(3) was essentially duplicative of her claim for benefits and thus barred by Varity).

categories of relief that were <u>typically</u> available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." <u>Mertens v. Hewitt Associates</u>, 508 U.S. 248, 256 (1993). Plaintiff demands equitable relief in the most general terms, but in substance he seeks money damages, which are "the classic form of legal relief." <u>Id.</u> at 255. Because Plaintiff has not identified any scenario in which he can obtain relief under § 1132(a)(3) that is not available under § 1132(a)(1)(B), nor any equitable relief to which he is entitled, his § 1132(a)(3) claim must be dismissed.

## V. <u>CONCLUSION</u>

For the reasons set forth above, Defendant's motion to dismiss will be granted. An appropriate order follows.