IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY A. GREENE, : | CIVIL ACTION | |
| Plaintiff, : | | FILED |
| : | | |
| v. : | No. 13-6033 | FEB 0 6 2015 |
| : | | |
| HARTFORD LIFE AND ACCIDENT : | | MICHAEL E. KUNZ, Clerk |
| INSURANCE COMPANY, : | | By_____ Dep. Clerk |
| Defendant. : | | |

Goldberg, J.                                                                          February 6, 2015

## MEMORANDUM OPINION

Plaintiff Jeffrey A. Greene brings this Employee Retirement Income Security Program ("ERISA") action seeking life insurance benefits from Defendant Hartford Life and Accident Insurance Company ("Hartford"). He alleges that Defendant wrongfully denied these benefits following the death of his wife, Anita Greene. Before me is Plaintiff's request to obtain fact discovery from Defendant as well as Ms. Greene's employer.

### I. Procedural and Factual History

Ms. Greene held a life insurance policy administered and funded by Hartford through her employer, TD Bank ("TD"). The policy grants Hartford the discretionary authority to determine a policyholder's eligibility for coverage. Ms. Greene began her employment with TD as a loan officer on October 29, 2012. On November 20, 2012, Ms. Greene was diagnosed with a recurrence of breast cancer and passed away on December 6, 2012. Plaintiff alleges that during the time between her diagnosis and passing, Ms. Greene continued to work using a company-issued laptop and remote connection device.

Following her death, TD submitted a claim for life insurance benefits to Hartford on Plaintiff's behalf. On the initial claim form, TD listed Ms. Greene's "actual last day physically at work" as December 5, 2012. Two weeks later, on January 7, 2013, TD submitted a revised claim form, with the December 5, 2012 date crossed out and November 19, 2012 written in its place. Hartford denied the claim on the basis that Ms. Greene had not provided the requisite one month of "continuous service" to be eligible for benefits under the policy because she stopped working on November 19, 2012. The denial of benefits was affirmed on appeal.

Plaintiff contends that Ms. Greene's job could be performed away from the office and that she continued to work while hospitalized, with TD's knowledge. Accordingly, Plaintiff claims that Ms. Greene provided the one month of continuous service necessary for eligibility.

Plaintiff filed a complaint for declaratory relief (Count I); damages in the full amount due under the policy pursuant to 29 U.S.C. § 1132(a)(1)(B) (Count II); and breach of fiduciary duty under § 1132(a)(3) (Count III). On September 10, 2014, Hartford's motion to dismiss Count III was granted.

While the motion to dismiss was pending, Plaintiff served Hartford with interrogatories and requests for documents and TD with a subpoena for Ms. Greene's employment records. Hartford objected to both requests on the basis that discovery was premature and that any factual discovery in this ERISA matter is prohibited.

Following a status conference on October 15, 2014, I permitted Plaintiff to obtain written discovery from TD and directed the parties to submit letter briefs regarding Plaintiff's additional discovery requests after TD produced certain records. After receiving these records, Plaintiff proposed additional expansive discovery. The parties have submitted letter briefs outlining their positions regarding the proper scope of discovery in this matter.

2

## II. The Parties' Positions

Plaintiff argues further discovery is appropriate at this juncture because 1) it was "impossible" for Plaintiff to obtain discovery during the administrative process and fairness and justice require that he be allowed to obtain discovery now, and 2) Hartford harbored a conflict of interest and such conflicts are a basis for granting discovery outside of the administrative record. Plaintiff asserts that he has a good faith basis for alleging that Hartford harbored a conflict of interest because Hartford both administers and funds the plan and the altered claim form suggests a procedural irregularity.

Hartford counters that the mere assertion of a structural conflict – i.e. that an entity both administers and funds a plan – is not a sufficient showing to warrant discovery in an ERISA case. Regarding the altered claim form, Hartford contends that a TD employee initially entered December 5, 2012 based on information "from a computer" and later obtained the "real" date – November 19, 2012 – from Ms. Greene's manager. According to Hartford, these events do not suggest a procedural irregularity because it was not possible that Ms. Greene was continuing to render service on December 5, 2012 as she was in hospice care as of December 3, 2012. Therefore, Hartford urges that any discrepancy in the forms is attributable to a clerical error made by TD and not a conflict of interest on the part of Hartford.

## III. Relevant Precedent

Where a plan covered by ERISA provides an administrator with discretionary authority, the administrator's decision "will not be disturbed if reasonable." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 (1989). Under this standard, the reviewing court is limited to considering the evidence before the administrator at the time the decision was made. Kosiba v.

Merck & Co., 384 F.3d 58, 67 n.5 (3d Cir. 2004). As such, "materials that the parties failed to put before the administrator are not usually relevant to the inquiry of whether the administrator abused its discretion." Howley v. Mellon Fin. Corp., 625 F.3d 788, 793 (3d Cir. 2010).

There are, however, limited exceptions to the general rule against discovery in ERISA cases. For example, the court "may consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." Id. at 794 (citing Kosiba, 384 F.3d at 67 n.5). In doing so, courts "review various procedural factors underlying the administrator's decision-making process, as well as structural concerns regarding how the particular ERISA plan was funded." Miller v. Am. Airlines, Inc., 632 F.3d 837, 845 (3d Cir. 2011).

The structural inquiry focuses on "the financial incentives created by the way the plan is organized." Post v. Hartford Ins. Co., 501 F.3d 154, 162 (3d Cir. 2007). A structural conflict of interest can be created, for example, where the administrator both funds the plan and evaluates claims. Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 112 (2008).

On the other hand, the procedural inquiry focuses on "how the administrator treated the particular claimant." Post, 501 F.3d at 162. Procedural irregularities may include:

> a reversal of a benefits determination without additional evidence, (2) a disregard of opinions previously relied upon, (3) a self-serving selectivity in the use of evidence or reliance on self-serving paper reviews of medical files, (4) a reliance on the opinions of non-treating physicians over treating physicians without explanation, (5) a reliance on inadequate information or incomplete investigation, (6) failure to comply with the notice requirements of Section 504 of ERISA, (7) failure to analyze all relevant diagnoses, and (8) failure to consider plaintiff's ability to perform actual job requirements.

Irgon v. Lincoln Nat. Life Ins. Co., No. 13-4731, 2013 WL 6054809, at *6 (D.N.J. Nov. 15, 2013). However, a "dispute with the merits of the decision, without evidence of procedural bias or irregularity, does not suffice for the purposes of granting discovery." Id.

### IV. Analysis

Hartford's argument that the record before a reviewing court in an ERISA matter is generally limited to the administrative record is correct. However, I find that Plaintiff has offered a sufficient basis for invoking the limited exception to the general prohibition against discovery in ERISA cases.

As an initial matter, Hartford both administers and funds the plan. Under Glenn, such dual obligations may create a structural conflict of interest. Furthermore, without a convincing explanation, the altered claim form suggests a procedural irregularity. Although plausible, Hartford's explanation regarding the alteration is speculative. Hartford asserts that the TD employee initially obtained the December 5, 2012 date from a "computer." However, it is unclear what computer entry the TD employee relied upon. The unexplained alteration of the form fairly suggests a procedural irregularity and Plaintiff's argument for discovery is not merely an attack on the merits of the denial of benefits. As such, I find that the potential structural conflict of interest coupled with the procedural irregularity of the altered form warrant further discovery.

However, even where discovery regarding an alleged conflict of interest is appropriate, courts generally place narrow restrictions on the scope of discovery permitted. Plaintiff's requests are expansive and must be narrowed to target information actually relevant to the alleged conflicts. As such, Plaintiff will only be permitted to depose the TD employee (Wendy Farrington) who submitted both versions of the forms and the Hartford employee (Susan M. Serino) who had discussions about the forms with the TD employee. These depositions shall be

limited to the circumstances surrounding the submission of the initial claim form and subsequent alteration of the claim form.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's request for discovery will be granted in part and denied in part.

An appropriate Order follows.